MICHELE BECKWITH
Acting United States Attorney
HADDY ABOUZEID
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO CASTRO, JR.,<br><br>Defendant. | CASE NO. 2:24-cr-00074-JAM<br><br>**STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>DATE: May 13, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on May 6, 2025. The parties last appeared before the Court at a status of counsel hearing on April 8, 2025. Defense counsel was appointed to this case in place of Attorney Clemente Jimenez on April 8, 2025. (ECF No. 27).

2. Following the April 8th hearing, the government produced an initial round of discovery consisting of approximately one hundred pages of reports, photographs, and materials produced during law enforcement's investigation of this matter. The government has notified substitute defense counsel that there are supplemental discovery materials which will be produced once the parties agree to the terms of a discovery materials protective order.

3. On April 24, 2025, the parties received notification that the Court vacated the status

conference on May 6, 2025, and reset the matter to May 13, 2025.  (ECF No. 28).

4. Substitute defense counsel requires additional time to review the initial and anticipated supplemental discovery materials with Defendant Francisco Castro.  The defense also requires additional time to conduct its own investigation.  By this stipulation, defendant now moves to continue the **status conference** until **July 15, 2025, at 09:00 a.m.**, and to exclude time between May 6, 2025, and July 15, 2025, under Local Code T4.

5. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form including nearly 100 pages of documents, numerous photographs, and multiple audio recordings. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Defendant Francisco Castro was initially housed at the Taft Community Correctional Facility ("TCCF") at the time substitute defense counsel received the initial discovery materials.  TCCF is approximately 280 miles from downtown Sacramento.  Defendant has now been moved to the Yuba County Jail in Marysville, California.  Discovery review meetings therefore require substitute defense counsel to travel to Defendant's pre-trial housing location.

c) Counsel for defendant desires additional time to consult with their client, review the discovery, conduct investigation and research related to the charge, discuss potential resolutions with their client, prepare pretrial motions, and otherwise prepare for trial.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of May 6, 2025 to July 15, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 6, 2025          MICHELE BECKWITH
                            Acting United States Attorney

                            /s/ HADDY ABOUZEID
                            HADDY ABOUZEID
                            Assistant United States Attorney


Dated: May 6, 2025          /s/ TODD D. LERAS
                            TODD D. LERAS
                            Counsel for Defendant
                            FRANCISCO CASTRO, JR.


**ORDER**

IT IS SO ORDERED.

Dated: May 07, 2025         /s/ John A. Mendez
                            THE HONORABLE JOHN A. MENDEZ
                            SENIOR UNITED STATES DISTRICT JUDGE