UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRANCISCO CASTRO, JR.,<br><br>　　　　Defendant. | No. 2:24-cr-00074-JAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

　　　On October 20, 2025, Defendant Francisco Castro, Jr. moved this Court to dismiss the indictment in this matter under Federal Rule of Criminal Procedure 12(b)(1) because his Sixth Amendment Right to Counsel was being violated. ECF No. 40. Defendant argued his counsel, who was appointed pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, had not received compensation for his representation since June 2025 due to a CJA-funding shortage and ongoing government shutdown, which Defendant argued impeded counsel's ability to prepare an adequate defense. Id. However, on November 13, Congress passed, and the President signed, a continuing resolution that provided funding for CJA lawyers through January 30, 2026, as well as funding for the backlog of CJA payments due from fiscal year 2025. See ECF No. 46 at 2. Considering that development, the Court ordered the Parties to file supplemental briefing addressing the impact, if

1

1 any, of the continuing resolution on the constitutional injury
2 suffered by Defendant as well as the appropriate remedy for that
3 injury.  ECF No. 45.

4     The Parties have now filed the requested supplemental
5 briefing.  The Parties agree that dismissal is no longer the
6 appropriate remedy for any constitutional injury suffered by
7 Defendant in light of the continuing resolution.  ECF Nos. 46,
8 47.  Rather, the Parties ask that the Court grant defense counsel
9 additional preparation time.  See ECF No. 46 ("[T]he appropriate
10 remedy is to proceed under the restored funding framework and
11 allow for a continuance, if necessary, to allow counsel
12 additional time to prepare."); ECF No. 47 ("[T]he remedy for the
13 violation at this time is to grant his counsel additional time to
14 complete those matters delayed due to the CJA funding lapse.").

15     Given this agreement between the parties, the Court will not
16 dismiss the indictment at this time.  The Court finds that
17 Defendant has clearly suffered a constitutional injury due to the
18 extended CJA-funding lapse for the reasons discussed in this and
19 other district court's prior orders.  See United States v. Ortiz,
20 No. 2:24-CR-00302-JAM, 2025 WL 3157821 (E.D. Cal. Nov. 12, 2025);
21 United States v. Evanovich, No. 2:24-CR-00079-DJC, 2025 WL
22 3208308 (E.D. Cal. Nov. 17, 2025).  That said, the Court is
23 mindful that in exercising its supervisory powers to remedy
24 violations of a defendant's constitutional rights, it must
25 narrowly "tailor[] relief appropriate in the circumstances to
26 assure the defendant the effective assistance of counsel and a
27 fair trial."  United States v. Morrison, 449 U.S. 361, 365
28 (1981).  While Defendant was denied adequate funding for months,

that funding has now been restored.  Further, and most importantly, there is no trial date set in this matter.  Thus, any lost preparation time should be able to be cured through adjustments to the case schedule before Defendant's rights to effective assistance of counsel and a fair trial are irreparably compromised.

**ORDER**

For the reasons above, Defendant's Motion to Dismiss (ECF No. 40) is GRANTED IN PART and DENIED IN PART.  The Court finds that Defendant's Sixth Amendment rights were violated by the failure to provide adequate CJA funding for Defendant's representation.  Although dismissal will not be granted at this time, it may well be appropriate should another lapse occur depending on the facts at hand. Defendant's counsel shall be granted whatever continuances are required to fulfill his obligations to Defendant consistent with the Sixth Amendment to the Constitution.

The Court further sets a status conference for January 27, 2026, at 9:00 AM in Courtroom 6 before Senior District Judge John A. Mendez.  The Court will exclude time under Local Code T4 from November 4, 2025, through January 27, 2026, based on defense counsel's representations in his supplemental briefing that he requires additional time to prepare an adequate defense.

IT IS SO ORDERED.

Dated: December 2, 2025

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE